**ESTATE OF CHRISTOPHER J. BRIDGES**
by Special Administrator, Frankie J. Ovando
7801 S. Howell Ave., Suite 102
Oak Creek, WI 53154

**COMPLAINT**
Case No.: 26-CV-52

**CJB**
785 Nola Road
Sontag, MS 39665

**TAB**
785 Nola Road
Sontag, MS 39665

**JMB**
785 Nola Road
Sontag, MS 39665

       Plaintiffs,

**NEW HAMPSHIRE INSURANCE COMPANY**
c/o Corporation Service Company, Registered Agent
33 E. Main St., Ste. 610
Madison, WI 53703

       Involuntary Plaintiff,

vs.

**THE C.A. LAWTON CO.**
c/o Alex Lawton, Registered Agent
1950 Enterprise Drive
De Pere, WI 54115

**ABC INSURANCE COMPANY**
a fictious name for an unknown insurance company

**JOHN DOES**
An as-of-yet unidentified individuals

**DEF INSURANCE COMPANY**
a fictious name for an unknown insurance company

       Defendants

**NOW COMES** the above-named Plaintiffs, Estate of Christopher J. Bridges, CJB (a minor), TAB (a minor), and JMB (a minor), by their attorneys, Martin Law Office, S.C., and as for their claims for relief against the above-named Defendants, alleging and showing to the Court as follows:

## PARTIES

1. That Christopher J. Bridges was an adult, born on October 12, 1997, and a citizen and resident of the State of Mississippi, residing at 191 Stephens Cemetery Road, Silver Creek, Mississippi 39663; that following his death on August 5, 2022, the Estate of Christopher J. Bridges was opened by the Brown County Register in Probate; that Frankie J. Ovando is the Special Administrator of the Estate of Christopher J. Bridges.

2. That the Plaintiff, CJB is a minor child under the age of eighteen (18) years, born December 28, 2018, and is a citizen and resident of the State of Mississippi, residing with his mother, Tamia Pittman, at 785 Nola Road, Sontag, Mississippi 39665; that CJB is the son of Christopher J. Bridges.

3. That the Plaintiff, TAB is a minor child under the age of eighteen (18) years, born December 16, 2019, and is a citizen and resident of the State of Mississippi, residing with his mother, Tamia Pittman, at 785 Nola Road. Sontag, Mississippi 39665; that TAB is the son of Christopher J. Bridges.

4. That the Plaintiff, Jaliyah M. Bridges, is a minor child under the age of eighteen (18) years, born November 4, 2021, and is a citizen and resident of the State of Mississippi, residing with her mother, Tamia Pittman, at 785 Nola Road. Sontag, Mississippi 39665; that JMB is the daughter of Christopher J. Bridges.

5. That the Involuntary Plaintiff, New Hampshire Insurance Company, is an Illinois corporation, and has its principal place of business and headquarters located at 500 W. Madison

St., Ste. 3000, Chicago, Illinois 60661 and its Registered Agent, Corporation Service Company, located at 33 E. Main St., Ste. 610, Madison, Wisconsin 53703; that New Hampshire Insurance Company may have paid medical and related expenses on behalf of Christopher J. Bridges as a result of the injuries he sustained as hereinafter set forth; that New Hampshire Insurance Company may not have a legal right to subrogation or reimbursement despite its payment of benefits, but by reason of any such payments, New Hampshire Insurance Company is named as a proper party under §803.03, WIS. STATS.

6. That the Defendant, The C.A. Lawton Co., is a citizen of Wisconsin in that it is a Wisconsin domestic business licensed to do business in the State of Wisconsin with a principal place of business and headquarters located at 1950 Enterprise Drive, De Pere, WI 54115; that The C.A. Lawton Co.'s Registered Agent for service of processes is Alex Lawton, located at 1950 Enterprise Drive, De Pere, WI 54115; that The C.A. Lawton Co. is a division of Lawton Standard which has a principal office located at 1950 Enterprise Drive, De Pere, WI 54115; that Lawton Standard is made up of nine companies located in Wisconsin, Michigan, Ohio, Pennsylvania, Delaware and Alabama.

7. That the Defendant, ABC Insurance Company, is the fictitious name for an insurance company whose identity is currently unknown to the Plaintiffs, that is engaged in the business of writing and selling liability insurance; that upon information and belief, prior to the date of the incident described below, ABC Insurance Company issued a policy of insurance to The C.A. Lawton Co. for claims such as those hereinafter set forth, and which policy of insurance was in full force and effect at the time of the incident described below; that in said contract of insurance, ABC Insurance Company reserved the right to settle or adjust any such claims arising thereunder and to defend any lawsuits instituted by virtue of such claims and has a direct interest in this litigation; that the Plaintiffs include ABC Insurance Company in place of

3

the real and proper insurance company defendant, who will be substituted in place of ABC Insurance Company as soon as its identity is ascertained.

8. That the as-of-yet unidentified Defendants, John Does, whose identities are currently unknown to the Plaintiffs, were adult citizens and residents of the State of Wisconsin, and employed by and working in the course and scope of their employment at the time of the incident that is the subject of this litigation; that the identity of these individuals is not yet known; that John Does is being inserted in place of the real and proper individual Defendants, which as soon as their identity is ascertained will be substituted in place of John Does.

9. That the Defendant, DEF Insurance Company, is the fictious name for an insurance company whose identity is currently unknown to the Plaintiffs, that is engaged in the business of writing and selling liability insurance; that upon information and belief, prior to the date of the incident described below, DEF Insurance Company issued a policy of insurance to the Defendants, John Does, for claims such as those hereinafter set forth, and which policy was in full force and effect at the time of the incident described below; that in said contract of insurance, DEF Insurance Company reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation; that the Plaintiffs include DEF Insurance Company in place of the real and proper insurance company defendant, who will be substituted in place of DEF Insurance Company as soon as its identity is ascertained.

## **JURISDICTION – DIVERSITY**

10. That the Plaintiffs reallege and incorporate herein by reference all the allegations of the preceding paragraphs.

11. That at all times material hereto, Christopher J. Bridges (hereinafter "Mr. Bridges"), was a citizen and resident of Mississippi and domiciled in Mississippi.

12. That at all times material hereto, the Plaintiffs, CJB, TAB, and JMB, were citizens and residents of Mississippi and domiciled in Mississippi.

13. That at all times material hereto, the Defendant, The C.A. Lawton Co., a division of Lawton Standard, was a Wisconsin business and a citizen of Wisconsin and domiciled in Wisconsin and none of Lawton Standards 9 affiliated companies are domiciled in Mississippi.

14. That this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between each Plaintiff and the Defendants, and the amount in controversy exceeds $75,000. Diversity of citizenship exists because all Plaintiffs are citizens of Mississippi and the Defendant is a citizen of Wisconsin.

15. That Personal jurisdiction over the Defendant is proper. The Defendant is a citizen of and domiciled in the State of Wisconsin and has conducted substantial business in the State of Wisconsin and in this Judicial District and the Defendant has committed a breach of duty causing harm in the State of Wisconsin and this Judicial District.

## VENUE

16. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Judicial District because the incident from which the claims in this case arise occurred solely in the State of Wisconsin and in this Judicial District.

## GENERAL ALLEGATIONS

17. That Mr. Bridges was a field employee of Tradesmen International, Inc. at the time of the incident giving rise to this litigation.

18. That The C.A. Lawton Co. is a foundry located at 1900 Enterprise Drive, De Pere, WI 54115 specializing in production of large iron castings.

19. That on August 5, 2022, Mr. Bridges was working for Tradesmen International, Inc. at The C.A. Lawton Co. foundry located at 1900 Enterprise Drive, De Pere, WI 54115.

20. That upon information and belief, employees of The C.A. Lawton Co. were moving an approximately 500-pound casting using a four-leg alloy steel lifting chain.

21. That upon information and belief, the employees failed to securely attach the chain sling to their load and the chain sling used was not equipped with any safety latches.

22. That the casting fell from the sling and landed on Mr. Bridges. The casting pinned Mr. Bridges face down underneath it. Individuals at the scene of the incident were able to remove the casting from on top of Mr. Bridges.

23. That emergency medical services were called. Once the paramedics arrived on scene, CPR was immediately initiated on Mr. Bridges. The paramedics intubated Mr. Bridges and gave him several rounds of epinephrine, getting Mr. Bridges into ventricular fibrillation. Mr. Bridges was defibrillated twice after he regained his pulse.

24. That Mr. Bridges was transported via ambulance St. Vincent Hospital for treatment of his crush injury. While in the ambulance, Mr. Bridges lost his pulse again and CPR was reinitiated.

25. That upon his arrival to the emergency department at St. Vincent Hospital, Mr. Bridges was intubated, receiving ventilations via ET tube and receiving chest compressions via a Lucas device.

26. That after arriving in the emergency department, Mr. Bridges intermittently had an organized perfusing cardiac rhythm and despite 2.5 hours of maximum resuscitative efforts, Mr. Bridges repeatedly lost pulses and further resuscitation was determined to be futile and discontinued.

27. That Mr. Bridges died on August 5, 2022, as a result of the crush injury sustained at The C.A. Lawton Co. foundry.

28. That OSHA completed an inspection at 1900 Enterprise Dr., De Pere, WI 54115 from August 5, 2022, to January 18, 2023.

29. That on January 23, 2023, OSHA issued a Citation and Notice of Penalty to The C.A. Lawton Co. finding a serious violation of 29 CFR 1910.184(c)(6) occurred on or about August 5, 2022.

30. That attached as Exhibit A is a true and accurate copy of OSHA's Citation and Notice of Penalty to The C.A. Lawton Co. (Exhibit A, OSHA Citation and Notice of Penalty). That the information contained therein was not known to the Plaintiffs and could not be known to the Plaintiffs until the time of its release on January 23, 2023.

31. That this matter is timely brought pursuant to §§895.01 and 893.16, WIS. STATS., as the Plaintiffs did not discover, or in the exercise of reasonable diligence, could not have discovered, not only the fact of injury but also that the injury was probably caused by the Defendants' conduct until the issuance until the issuance of the OSHA's Citation and Notice of Penalty to The C.A. Lawton Co. *See Christ v. Exxon Mobil Corp.*, 2015 WI 58, 866 N.W.2d 602, 362 Wis.2d 668, and that three of the Plaintiffs are minors.

## FIRST CLAIM FOR RELIEF: NEGLIGENCE AGAINST THE C.A. LAWTON CO.

32. That the Plaintiffs reallege and incorporate herein by reference the allegations of the preceding paragraphs.

33. That on August 5, 2022, the Defendant, The C.A. Lawton Co., breached its duty of care and was negligent in that it, amongst other things, failed to securely attach the chain sling to its load; used a chain sling used was not equipped with any safety latches; failed to warn of the hazardous condition created by the chain sling; failed to maintain, inspect the foundry for hazards; failed to issue proper warnings and instructions to the individuals present in the

foundry; failed to implement reasonably safety rules, policies, and/or procedures regarding the use of chain slings to move objects; and was otherwise negligent.

34. The negligence of the Defendant, The C.A. Lawton Co., as alleged herein, was a direct and proximate cause of Christopher J. Bridges' injuries and death.

35. That because of the negligence of the Defendant, The C.A. Lawton Co., as alleged herein, the Plaintiff, Estate of Christopher J. Bridges, sustained damages including but not limited to past pain, suffering, emotional distress, mental anguish, and loss of enjoyment of life, past wage loss, past medical expenses and other compensable damages in an amount to be determined by the trier of fact.

36. That because of the negligence of the Defendant, The C.A. Lawton Co., as alleged herein, and the injuries and damages to their father, the Plaintiffs, CJB, TAB, and JMB, suffered the loss of their father's society and companionship.

37. That because of the negligence of the Defendant, The C.A. Lawton Co., as alleged herein, and the death of their father, the Plaintiffs, CJB, TAB, and JMB, suffered wrongful death damages including loss of society and companionship, loss of family integrity, and loss of economic support due to the death of their father.

## SECOND CAUSE OF ACTION: SAFE PLACE VIOLATION AGAINST THE C.A. LAWTON CO.

38. That the Plaintiffs reallege and incorporate herein by reference the allegations of the preceding paragraphs.

39. That at all times material hereto, Christopher J. Bridges, was a frequenter and/or invitee and lawfully entitled to be on the premises where this incident occurred.

40. That at all times material hereto, the premises located at 1900 Enterprise Drive, De Pere, WI 54115 was a place of employment and/or a public building within the meaning of §101.11 of the Wisconsin Statutes (the "Safe Place Act"), and the Defendant, The C.A. Lawton

Co., its agents, servants and/or employees, had a duty pursuant to the Safe Place Act to, amongst other things: [a] furnish said premises in a manner which shall be safe for employees therein and for frequenters thereof; [b] furnish and use safety devices and safeguards on said premises; [c] adopt and use methods and processes reasonably adequate to render such premises safe; [d] do every other thing reasonably necessary to protect the life, health, safety, and welfare of employees and frequenters of said premises, and/or [e] construct, repair and maintain the premises in as safe a manner as its nature would reasonably permit.

41. That the Defendant, The C.A. Lawton Co., negligently failed to make said premises as safe as its nature reasonably permitted by using equipment not properly outfitted with safety latches; by failing to maintain and/or inspect the premises; by failing to provide safety devices; and/or was otherwise negligent in violation of its duties under the Safe Place Act.

42. That the violation of duties under the Safe Place Act by the Defendant, The C.A. Lawton Co., as alleged, was a direct and proximate cause of the injuries and death sustained by Christopher J. Bridges.

43. That because of the violations of the duties under the Safe Place Act by the Defendant, The C.A. Lawton Co., as alleged herein, which resulted in the injuries and death of Christopher J. Bridges, the Plaintiff, Estate of Christopher J. Bridges, suffered damages including past pain, suffering, emotional distress, mental anguish, and loss of enjoyment of life, past wage loss, past medical expenses and other compensable injuries and damages in an amount to be determined by the trier of fact.

44. That because of the violations of the duties under the Safe Place Act by the Defendant, The C.A. Lawton Co., as alleged herein, and the injuries and damages to their father, the Plaintiffs, CJB, TAB, and JMB, suffered the loss of their father's society and companionship.

45. That because of the violations of the duties under the Safe Place Act by the Defendant, The C.A. Lawton Co., as alleged herein, and the death of their father, the Plaintiffs, CJB, TAB, and JMB, suffered wrongful death damages including loss of society and companionship, loss of family integrity, and loss of economic support due to the death of their father.

**THIRD CAUSE OF ACTION:**
**NEGLIGENT HIRING, TRAINING AND SUPERVISION**
**AGAINST THE C.A. LAWTON CO.**

46. Realleges and incorporates herein by reference the allegations of the preceding paragraphs.

47. That upon information and belief, the Defendant, The C.A. Lawton Co., was negligent in hiring, training and/or supervising of its staff.

48. That as a result of the negligent hiring, training and supervision by the Defendant, The C.A. Lawton Co., its employees committed a wrongful act, including, but not limited to, those acts listed in Par. 32, *supra*.

49. That because of the negligent hiring, training and supervision of by the Defendant, The C.A. Lawton Co., as alleged herein, which resulted in the injuries and death of Christopher J. Bridges, the Plaintiff, Estate of Christopher J. Bridges, suffered damages including past pain, suffering, emotional distress, mental anguish, and loss of enjoyment of life, past wage loss, past medical expenses and other compensable injuries and damages in an amount to be determined by the trier of fact.

50. That because of the negligent hiring, training and supervision of by the Defendant, The C.A. Lawton Co., as alleged herein, and the injuries and damages to their father, the Plaintiffs, CJB, TAB, and JMB, suffered the loss of their father's society and companionship.

51. That because of the negligent hiring, training and supervision of by the Defendant, The C.A. Lawton Co., as alleged herein, the Plaintiffs, CJB, TAB, and JMB, suffered wrongful death damages including loss of society and companionship, loss of family integrity, and loss of economic support due to the death of their father.

## FOURTH CLAIM FOR RELIEF:
## NEGLIGENCE AGAINST JOHN DOES

52. That the Plaintiffs reallege and incorporate herein by reference the allegations of the preceding paragraphs.

53. That on August 5, 2022, the Defendants, John Does, breached their duty of care and were negligent in that they, amongst other things, failed to securely attach the chain sling to its load; used a chain sling used was not equipped with any safety latches; failed to operate the chain sling in a reasonably safe manner; and were otherwise negligent.

54. The negligence of the Defendants, John Does, as alleged herein, was a direct and proximate cause of Christopher J. Bridges injuries and death.

55. That because of the negligence of the Defendants, John Does, as alleged herein, the Plaintiff, Estate of Christopher J. Bridges, sustained damages including but not limited to past pain, suffering, emotional distress, mental anguish, and loss of enjoyment of life, past wage loss, past medical expenses and other compensable damages in an amount to be determined by the trier of fact.

56. That because of the negligence of the Defendants, John Does, as alleged herein, and the injuries and damages to their father, the Plaintiffs, CJB, TAB, and JMB, suffered the loss of their father's society and companionship.

57. That because of the negligence of the Defendants, John Does, as alleged herein, and the death of their father, the Plaintiffs, CJB, TAB, and JMB, suffered wrongful death

damages including loss of society and companionship, loss of family integrity, and loss of economic support due to the death of their father.

WHEREFORE, the Plaintiffs demand judgement as follows:

a. For compensatory damages on behalf of Estate of Christopher J. Bridges in an amount to be determined at a trial of this matter.

b. For compensatory damages on behalf of Christopher J. Bridges, Tahmaz A. Bridges and Jaliyah M. Bridges in an amount to be determined at a trial of this matter.

c. For all costs, disbursements and actual attorney fees, and all interest due and owing pursuant to sec. 628.46, WIS. STATS.

d. For any other relief, the court deems just and equitable.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS DEMAND A TRIAL IN THE ABOVE-ENTITLED ACTION.**

Dated at Oak Creek, Wisconsin this 12th day of January 2026.

**MARTIN LAW OFFICE, S.C.**
Attorney for the Plaintiffs

_____
Anthony J. Skemp (#1031188)

**P.O. ADDRESS**
7801 S. Howell Avenue, Suite102
Oak Creek, WI 53154
414-856-2310 (office)
414-856-2315 (fax)
tony@martin-law-office.com